IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                  No. 5:13-cr-03747-002-WJ

BRIAN ACUNA,

      Defendant.

## SENTENCING MEMORANDUM

      Defendant, Mr. Brian Acuna, by counsel, the Law Office of Ryan J. Villa, by Richelle Anderson, respectfully provides the following information to assist the Court in determining an appropriate sentence for Mr. Acuna when he appears before the Court for his final revocation of supervised release hearing on December 13, 2023. For the reasons provided below, Mr. Acuna requests that the Court impose a sentence of time served and require him to continue supervision under the direction of the United States Probation Office.

## RELEVANT BACKGROUND

      On June 26, 2014, Mr. Acuna pleaded guilty to Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C § 846, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1); Distribution of 500 Grams and More of Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2 (Count 3); and Using, Carrying, and Possessing a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count 6). *See* Presentence Report ("PSR") (disclosed on 12/18/14) at 1-2. Mr. Acuna was sentenced to 60 months imprisonment and a 5-year term of supervised release. *See* Amended Petition for Revocation of Supervised Release ("Amended Petition") at 1 [Doc. 245]; Judgment [Doc. 190].

Mr. Acuna was released and commenced his term of supervised release on June 20, 2018. *See* Amended Petition [Doc. 245] at 1.

On October 29, 2019, Probation filed an Amended Petition for Revocation following Mr. Acuna's arrest in El Paso, Texas on October 16, 2019, for felony drug charges. *See* Amended Petition [Doc. 245] at 2-3. Mr. Acuna was prosecuted by the State of Texas; pleaded guilty to the drug charges; and served 4 years of a 5-year prison sentence in the Texas Department of Criminal Justice. *See* **Exhibit 1,** Texas Judgment and Sentence.

The Amended Petition filed by Probation alleged the Mr. Acuna violated the conditions of his federal supervised release by being outside the District of New Mexico without informing Probation, not reporting his arrest to Probation, committing new state crimes, and by using and possessing controlled substance. *Id.* at 1-2.[1] The two state drug charges that Mr. Acuna was charged and sentenced for provide the factual basis for the violation of the mandatory condition that Mr. Acuna "not commit another … state … crime." *See* Amended Petition [Doc. 245] at 2-3; *see also* Violation Report [Doc. 249] (1-2). These two state drug charges also increased Mr. Acuna's grade of violation to a Grade A violation given this conduct constituted a state offense punishable by more than a year imprisonment and is a controlled substance offense. *See id.* at 2; *see also* § 7B1.1(a)(1)(A)(ii).

Much of the reason behind these alleged violations relates to Mr. Acuna's lengthy struggle with addiction and his traumatic and abusive childhood where he was exposed to drugs at a very young age. *See* PSR at ¶¶ 49, 51, 55-56, 68-69; **Exhibit 2**, Esther Urias, Letter of Support. Mr. Acuna is far from alone in his struggle with drug addiction. *See* PSR at ¶¶ 68-69. Data suggest that

---

[1] The United States Attorney's Office and the United States Probation Office agreed at Mr. Acuna's preliminary hearing on November 20, 2023, that there was not probable cause for the violation alleging that Mr. Acuna possessed a firearm and agreed to dismiss this violation.

1.6 million Americans have methamphetamine use disorder.[2] "The most effective treatments for methamphetamine addiction at this point are behavioral therapies" including "cognitive behavioral therapy and contingency management interventions."[3] Behavioral therapies take the form of treatment approaches that combine "family education, individual counseling, 12-step support, drug testing, and encouragement for non-drug-related activities[.]"[4] Contingency management interventions "provide tangible incentives in exchange for engaging in treatment and maintaining abstinence" and have been shown to be effective in creating sustained substance abstinence.[5] At times, drastic interventions, including long term residential treatment options, like the Delancey Street Program, which requires a minimum 24 month stay, may be necessary. Research indicates that an individual's length of stay in residential treatment is a major determinant of treatment effectiveness. Researchers hypothesize that "[l]onger stays may … result[] in better outcomes because patients were provided with a safe, sober, stable living environment in which they could take time to learn the skills necessary to maintain abstinence . . . [and that] longer stays allowed more flexibility in engagement, social and vocational rehabilitation, and transition back to the community."[6] Treatment, rather than incarceration, is the best route forward when the goal is to

---

[2] Substance Abuse and Mental Health Services Administration. (2022). *Key substance use and mental health indicators in the United States: Results from the 2021 National Survey on Drug Use and Health* at 35-36 (HHS Publication No. PEP22-07-01-005, NSDUH Series H-57). Center for Behavioral Health Statistics and Quality, Substance Abuse and Mental Health Services Administration. https://www.samhsa.gov/data/report/2021-nsduh-annual-national-report

[3] NIDA. *What treatments are effective for people who misuse methamphetamine?* (April 2021). Retrieved from https://nida.nih.gov/publications/research-reports/methamphetamine/what-treatments-are-effective-people-who-misuse-methamphetamine

[4] *Id*. (citing authority).

[5] *Id*. (citing authority); *see also* Nancy Petry. The Psychiatrist. *Contingency management: what it is and why psychiatrists should want to use it*. (May 2011) 35(5):161-163.

[6] Mary F. Brunette et al., Psychiatric Services. *A Comparison of Long-Term and Short-Term Residential Treatment Programs for Dual Diagnosis Patients*. (April 2001) 52(4):526-528.

prevent relapse and recidivism, as recent studies indicate that "[w]ithin three years of their release, two out of three former prisoners are rearrested and more than 50% are incarcerated again."[7]

At 32 years old, Mr. Acuna has spent most of his adult life behind bars after completing the 60-month sentence initially imposed by this Court and the 4-year sentence in Texas. *See* Amended Petition [Doc. 245]; **Ex. 1**, Texas Judgment and Sentence. Not only is Mr. Acuna at an age where the risk of recidivism generally declines but he is also personally ready to make significant and dramatic changes to better his life.[8] As his mother, Esther Urias, poignantly wrote in the letter she prepared for the Court: "He has reached the point in his life where he knows he needs to make a change." *See* **Ex. 2**, Esther Urias, Letter of Support. As a result, the sentence imposed by this Court should take advantage of Mr. Acuna's age and willingness to make sweeping changes to his lifestyle at this time.

## SENTENCING FACTORS

The purpose of supervised release is to facilitate an individual's reentry into society following a term of imprisonment. *See* S. Rep. No. 98–225, 98th Cong., 1st Sess. 55 at 125. The sentencing factors in 18 U.S.C. Sections 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7) apply to sentences imposed following a supervised release revocation. Accordingly, the Court must consider:

> (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [as well as] the need for the sentence imposed – (a)(2)(B) to afford adequate deterrence to criminal conduct; (a)(2)(C) to protect the public from further crimes of the defendant; and (a)(2)(D) to provide the defendant with needed educational or vocational

---

[7] Liz Benecchi, Harvard Political Review. *Recidivism Imprisons American Progress*. (August 2001) https://harvardpolitics.com/recidivism-american-progress

[8] United States Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders*. (December 2017) at 10 (explaining that the older an individual, the lower the rearrest, reconviction, and reincarceration rate)

training, medical care, or other correctional treatment in the most effective manner.

(a)(4) the kinds of sentence and the sentencing range established for – (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

(a)(5) any pertinent policy statement – (A) issued by the Sentencing Commission…

(a)(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; [and]

(a)(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a) (West).

The United States Sentencing Guidelines also apply. Because Mr. Acuna is charged with a Grade A violation and is criminal history category II, the guidelines recommend an imprisonment range of 27-33 months imprisonment. *See* USSG § 7B1.4(a); *see also* Violation Report [Doc. 249]. Because Mr. Acuna was on supervised release when he violated Texas law, United States Sentencing Commission policy suggests that any "sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." USSG § 7B1.1 Introductory Commentary. However, policy statements are not guidelines. In fact, "[a]t the outset, the Commission faced a choice between promulgating guidelines or issuing advisory policy statements for the revocation of probation and supervised release." Ch. Seven, Pt. A(3)(a) Introduction. The Commission opted to issue policy statements to provide greater flexibility to the courts. *Id.* "This flexibility is important, given the nature of supervised release as a method of post-incarceration supervision and to recognize developments in federal sentencing practices and evidence-based rehabilitation. *Id*. The Commission also chose to approach violations of supervised release as a defendant's breach of trust rather than new crimes. *Id*. at (3)(b). Under this approach the Court should take "into account,

to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Id*. Ultimately, the Commission recognized "that the purpose of supervision … should focus on the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct." *Id*. at 4.

Because the Commission valued flexibility over the rigidity of the guidelines for supervised release cases, this Court has significant discretion in crafting a sentence for Mr. Acuna that should acknowledge his breach of the Court's trust in 2019 but that ultimately must focus on his rehabilitation and successful reintegration into the community. Given the length of time Mr. Acuna has served in prison in Texas, a sentence of time served and continued supervision best accomplishes the dual goals of reintegration and deterrence of future crimes.

## ARGUMENT

The most relevant Section 3553(a) factor in this case—Mr. Acuna's history and characteristics—weighs in favor of sentencing Mr. Acuna to time served and to require him to continue supervision under the direction of the United States Probation Office. Mr. Acuna is 32 years old and has a teenage daughter. *See* PSR at ¶ 57. The mother of his daughter also has two teenage sons who were his dependents before his incarceration. *See id.* at 3, ¶ 57. Mr. Acuna acknowledges that he must prioritize treatment, make every effort to maintain sobriety, and avoid the cycle of release and reincarceration that has characterized his adult life. Unfortunately, Mr. Acuna grew up around adults, including his parents and grandparents, who did drugs, were involved in the drug trade, and were in and out of prison. *See id.* at ¶¶ 49, 51-52, 55-56. His mother suffered from mental illness, and his father, who as used drugs heavily, passed away in 2013. *See id.* ¶¶ 49, 51, 55.

At this point, Mr. Acuna is motivated to change his life so he can secure employment, enjoy economic stability, and have a life free from drug use and imprisonment. Mr. Acuna realizes how important spending time with his family, including his young daughter, is and how his drug use and incarceration have also negatively impacted them. While Mr. Acuna was incarcerated in Texas, he sent a letter of interest to Delancey Street, and is currently scheduled for an interview with a Delancey Street intake coordinator on December 5, 2023.[9] Because of his eagerness and determination to change his life, he is the perfect candidate for the services that Delancey Street, which requires a 24-month minimum stay, or a similarly intensive rehabilitative program, can provide. Mr. Acuna wants to obtain the necessary tools to help him overcome his addiction issues and the cycle of drug use, crime, arrest, and incarceration he has been in.

Mr. Acuna has already served 4 years of a 5-year prison sentence in Texas, most of which took place during a global health pandemic. *See* **Ex. 1**, Texas Judgment and Sentence. Mr. Acuna's Texas sentence *exceeds* the 27-33 months of imprisonment recommended to this Court for what is nearly identical conduct. For these reasons, a significant variance from the advisory guideline range is warranted. Imposing additional time in prison would not only be greater than necessary to satisfy the goals of sentencing—it would also be counterproductive. Continuing to imprison Mr. Acuna will only delay his path toward recovery. At this point, Mr. Acuna recognizes he cannot continue this cycle and has taken the first steps to change his life by applying to Delancey Street, which is represents his significant commitment to rehabilitation, where he will get treatment and gain valuable skills for life and future employment.

---

[9] Mr. Acuna will notify the Court, United States Probation, and counsel for the United States as to the outcome of the Delancey Street interview as soon as that information is available.

## CONCLUSION

Given the length of time Mr. Acuna has served in Texas prison, including during a global health pandemic, and his demonstrated commitment to recovery, he respectfully requests the Court impose a sentence of time served and order him to continue supervision under the direction of the United States Probation Office.

Respectfully submitted,
THE LAW OFFICE OF RYAN J. VILLA

*/s/ Richelle Anderson*
RICHELLE ANDERSON
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, New Mexico 87113
Phone: (505) 639-5709
Fax: (505) 433-5813
Email: Richelle@rjvlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Richelle Anderson*
RICHELLE ANDERSON