**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **No. 5:13-cr-03747-002-WJ**

**BRIAN ACUNA,**

**Defendant.**

## SUPPLEMENT TO SENTENCING MEMORANDUM

Defendant, Mr. Brian Acuna, by counsel, the Law Office of Ryan J. Villa, by Richelle Anderson, respectfully supplements his Sentencing Memo [Doc. 260] with a copy of Delancey Street's letter of acceptance for Mr. Acuna. *See* **Exhibit 3**, Delancey Street Letter. Counsel also provides additional argument as to why Mr. Acuna's participation in the 24-month Delancey Street Program, rather than additional imprisonment, best satisfies the goals of sentencing under 18 U.S.C. § 3553(a), which requires that the Court "shall impose a sentence sufficient, but not greater than necessary" and fulfills the rehabilitative objectives of supervised release.

## DELANCEY STREET, RATHER THAN PRISON, PROVIDES THE BEST PATH FORWARD FOR MR. ACUNA AND THE COMMUNITY

On December 5, 2024, Mr. Acuna was interviewed by Delancey Street intake coordinator, Jeff Castillo. *See* **Ex. 3**, Delancey Street Letter. After speaking with Mr. Acuna and candidly discussing the length of the program and its requirements, Mr. Castillo noted that Mr. Acuna "did express a sincere desire to make some changes" and that Delancey Street was "willing to help." *Id*. The Delancey Street Program is very well regarded and has helped hundreds if not thousands of men and women, who are willing to make the 24-month minimum commitment and do the work to carve out a new path forward.

As discussed in Mr. Acuna's Sentencing Memo research and experience suggest that "[t]reatment, rather than incarceration, is the best route forward when the goal is to prevent relapse and recidivism, as recent studies indicate that "[w]ithin three years of their release, two out of three former prisoners are rearrested and more than 50% are incarcerated again." [Doc. 260] at 3-4 (quoted authority omitted). Sometimes referred to as the "prison paradox," these numbers reflect the unfortunate fact that rather than curbing future crimes, "prisons are criminogenic, meaning they increase rather than decrease the likelihood that a person will find himself back in prison, either because of a new crime or a parole violation." Joseph Margulies, *Why Prisons are Criminogenic,* Verdict (2022).[1] Attorney and law professor Joseph Margulies argues convincingly in his article, *Why Prisons are Criminogenic*, that "[p]risons are criminogenic because scarcity demands illicit behavior and rewards violence." *Id*. After all, "a defining feature—if not *the* defining feature—of prison life is scarcity." *Id*. (emphasis in original). Forced scarcity includes basic necessities, like food, commissary items, and access to medical care. *Id*. How do incarcerated people, especially those with limited financial means, overcome this scarcity? According to Mr. Margulies,

> [t]he answer is simple: violence. On the outside, the solution to any scarcity is wealth. But on the inside, the ultimate solution to scarcity is the capacity and willingness to meet your needs by inflicting violence on another—that is, by using or credibly threatening to use force. The capacity for violence, precisely what society values least, is the trait that equips the most vulnerable prisoners to manage and mitigate the defining feature of their existence. Because of state-created scarcity, a prisoner's best friend is what society values least.

*Id*. As a result, instead of encouraging pro-social behaviors, prison punishes these attributes and rewards indifference and violence.

[1] Available online at: https://verdict.justia.com/2022/01/03/why-prisons-are-criminogenic

In this case, Mr. Acuna has spent the last 4 years in the Texas Department of Criminal Justice. *See* **Ex. 1**, Texas Judgment and Sentence. Before that, he spent nearly 60 months in the United States Bureau of Prisons. *See* Judgment [Doc. 190]. It is clear that that Mr. Acuna can do prison time. It is also clear that prison is not helping Mr. Acuna overcome the behaviors, including addiction, that continue to keep in the cycle of drug use, new crime, rearrest, and reincarceration. The 24-month Delancey Street Program offers Mr. Acuna a new and dramatically different path forward. And it is a path that Mr. Acuna is also prepared to make the commitment necessary to take.

Accordingly, for the reasons discussed here and in Mr. Acuna's Sentencing Memo, he respectfully requests the Court impose a sentence of time served and allow him to completed the 24-month Delancey Street Program and order him to continue supervision under the direction of the United States Probation Office.

Respectfully submitted,
THE LAW OFFICE OF RYAN J. VILLA

*/s/ Richelle Anderson*
RICHELLE ANDERSON
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, New Mexico 87113
Phone: (505) 639-5709
Fax: (505) 433-5813
Email: Richelle@rjvlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Richelle Anderson*
RICHELLE ANDERSON